WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Alan Taylor,<br><br>                          Plaintiff,<br><br>   vs.<br><br>Roger Todd Margolis, et al.,<br><br>                          Defendants. | No.   CV 13-2146-PHX-RCB (JFM)<br><br>**O R D E R** |

On October 21, 2013, Plaintiff Jeffrey Alan Taylor, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint (Doc. 1) and an "Application for Deferral or Waiver of Court Fees and/or Costs and Consent to Entry of Judgment."  In an Order dated December 12, 2013, the Court denied Plaintiff's Application and granted Plaintiff 30 days to either pay the $400.00 filing and administrative fees or to file a complete *Application to Proceed In Forma Pauperis*.

On December 19, 2013, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 6).  The Court will grant the Application to Proceed and will dismiss the Complaint with leave to amend using the court-approved form.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $6.10.  *Id.*  The remainder of the statutory filing fee will be collected monthly in payments of 20% of the previous month's

**JDDL-K**

income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Failure to File Complaint on Court-Approved Form

Pursuant to Local Rule of Civil Procedure 3.4, "[a]ll complaints and applications to proceed *in forma pauperis* by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court." Plaintiff has not filed his Complaint on the court-approved form and the Court is unable to determine the precise number and nature of Plaintiff's claims. Also, in the caption of his Complaint, Plaintiff names "Roger Todd Margolis, et al." as Defendant, making it unclear whether Plaintiff intends to sue one person, Margolis, or others.[1] The Court will therefore dismiss the Complaint and grant Plaintiff 30 days to file a first amended complaint on the court-approved form.

## III.    Leave to Amend

For the foregoing reasons, the Complaint will be dismissed for failure to comply with Local Rule of Civil Procedure 3.4. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the first amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its

---

[1] It appears that Defendant Margolis is Plaintiff's defense counsel in Plaintiff's state court case. Plaintiff should note that a prerequisite for any relief under § 1983 are allegations to support that a defendant acted under the color of state law. The "under color of state law" component is the equivalent of the "state action" requirement under the Constitution. *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *West v. Atkins*, 487 U.S. 42, 49 (1988)). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he or she does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).

1  entirety on the court-approved form and may not incorporate any part of the original
2  Complaint by reference. Plaintiff may include only one claim per count.

3  A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*,
4  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896
5  F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original
6  complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised
7  in the original complaint and that was voluntarily dismissed or was dismissed without
8  prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa*
9  *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IV.   Warnings**

   **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963

1  F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any
2  order of the Court).

3  **IT IS ORDERED:**

4  (1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

5  (2)   As required by the accompanying Order to the appropriate government
6  agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing
7  fee of $6.10.

8  (3)   The Complaint (Doc. 1) is **dismissed** for failure to comply with Local Rule
9  of Civil Procedure 3.4.  Plaintiff has **30 days** from the date this Order is filed to file a first
10 amended complaint in compliance with this Order.

11 (4)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
12 Court must, without further notice, enter a judgment of dismissal of this action without
13 prejudice.

14 (5)   The Clerk of Court must mail Plaintiff a court-approved form for filing a
15 civil rights complaint by a prisoner.

16 DATED this 25th day of February, 2014.

_____
Robert C. Broomfield
Senior United States District Judge